# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RODNEY THUNDERCLOUD, | Case No. 19-CV-0448 (ECT/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAUL SCHNELL; TONY LOUREY; NANCY JOHNSTON; KEITH ELLISON, Minnesota Attorney General; KELLY LYN MITCHELL, Executive Director or the Minnesota Sentencing Commission; and JANE AND JOHN DOES, in their official capacities, | |
| Defendants. | |

Plaintiff Rodney Thundercloud is civilly committed at the Minnesota Sex Offender Program. Prior to his commitment, Mr. Thundercloud had thrice been convicted of second-degree criminal sexual conduct. *See Thundercloud v. State*, No. A14-1680, 2015 WL 1609011, at \*1 (Minn. Ct. App. Apr. 15, 2015).

As relevant here, two legal consequences (beyond the terms of imprisonment and eventual civil commitment) followed from the criminal convictions. Minnesota law requires that persons convicted of certain sexual offenses be sentenced to a mandatory ten-year or lifetime term of conditional release, depending upon the circumstances of the conviction. *See* Minn. Stat. § 609.3455, subds. 6-7. Minnesota law also requires that persons convicted of sexual offenses register with the State and regularly provide

1

information regarding residences, work location, vehicles owned, and so on; failure to register or provide accurate information is a criminal offense. *See* Minn. Stat. § 243.166.

In this litigation, Mr. Thundercloud challenges the legality of the conditional-release and registration statutes. Mr. Thundercloud did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 5. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Mr. Thundercloud qualifies financially for IFP status, but for the reasons explored below his case should be dismissed. An IFP application should be denied and the underlying action dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*.

at 570.  In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### The Bane Act

As an initial matter, Mr. Thundercloud seeks relief under "the Bane Act," *see, e.g.*, Am. Compl. ¶ 2 [ECF No. 4], presumably a reference to the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1, a California state statute.  But Mr. Thundercloud is a civil detainee of the State of Minnesota seeking relief exclusively from defendants sued in their official capacities as agents of the State of Minnesota.  It is therefore difficult to see what relevance the Bane Act could ever have to these proceedings.[1]  Mr. Thundercloud fails to articulate any basis for relief provided by this law.

### Constitutional Claims

More relevant are Mr. Thundercloud's claims that the conditional-release and registration statutes violate his federal constitutional rights.  Nevertheless, Mr. Thundercloud's constitutional claims are insufficiently pleaded and should be dismissed.

Mr. Thundercloud raises essentially three grounds for relief in this proceeding.  First, Mr. Thundercloud suggests that, for a variety of reasons, he should not have been

---

[1] Additionally, any claims under California law would not raise a federal question of law, *see* 28 U.S.C. § 1331, and there is no reason to believe from the amended complaint that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and thus this Court lacks original jurisdiction over any claims brought pursuant to state law.

subject to a term of conditional release at all under Minnesota law as a result of his offense. *See, e.g.*, Am. Compl. ¶¶ 52-53. Mr. Thundercloud's arguments on this point are difficult to discern. Contrary to Mr. Thundercloud's assertions, conditional release is not a "new charge" for which additional procedures or findings of fact are necessary; it is instead simply one aspect of the sentence imposed for the offenses for which a defendant has been found guilty. There is no allegation that the criminal proceedings themselves violated Mr. Thundercloud's federal due process rights, and in any event, it would be far too late for Mr. Thundercloud to seek to have his criminal convictions invalidated. *See* 28 U.S.C. § 2244(d).

Second, Mr. Thundercloud alleges that the terms of his conditional release unlawfully coerce him into complying with sex-offender treatment, as failure to comply with treatment amounts to a violation of the terms of his conditional release and may therefore result in the revocation of his conditional release and his return to prison. Mr. Thundercloud fails to allege how the requirement that he complete sex-offender treatment violates his constitutional rights. The mere fact that the State of Minnesota imposes treatment as a condition of release from incarceration does not, by itself, amount to a constitutional violation; this is, after all, the entire point of conditional release—that defendants abide by the conditions under the potential penalty of revocation. Without further allegations regarding the specific constitutional rights infringed as a result of the treatment requirement, Mr. Thundercloud's claim is insufficiently pleaded.

Third, Mr. Thundercloud alleges that the conditions imposed by the Minnesota registration statute, § 243.166, violate his Fourth, Fifth, and Fourteenth Amendment

4

rights. These constitutional claims have been squarely rejected previously as raised against the Minnesota registration statute, including by the Eighth Circuit Court of Appeals. *See Larson v. Roy*, No. 12-0707 (MJD/AJB), 2013 WL 3280247, *5-8 (D. Minn. June 26, 2013) (citing *Gunderson v. Hvass*, 339 F.3d 639, 643 (8th Cir. 2003)). Mr. Thundercloud is unable to distinguish his challenge to the statute from this controlling precedent. Therefore, Mr. Thundercloud's claims fail as a matter of law.

For these reasons, it is recommended that this matter be dismissed and Mr. Thundercloud's IFP application denied. Mr. Thundercloud's claim that the condition of release that he undergo treatment amounts to a violation of his constitutional rights is at least hypothetically amenable to repleading and therefore should be dismissed *without* prejudice; amendment of Mr. Thundercloud's other claims would be futile, and those claims should therefore be dismissed *with* prejudice. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (dismissal with prejudice for failure to state a claim upon which relief may be granted is not abuse of discretion when amendment of the complaint would be futile).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a.    The claim regarding the condition of treatment amounting to a violation of constitutional rights be DISMISSED WITHOUT PREJUDICE.

    b.    All other claims be DISMISSED WITH PREJUDICE.

2.    The applications to proceed *in forma pauperis* of plaintiff Rodney Thundercloud [ECF No. 5] be DENIED.

Date:  June 27, 2019                        *s/Katherine Menendez*
                                                                  Katherine Menendez
                                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).